### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRANDON PARISCOFF and SHADREN PETTID, on behalf of themselves and all persons similarly situated, | : : : : : : : : : : : : : |
| Plaintiffs, | |
| v. | |
| TRIPLE CANOPY, INC. and CONSTELLIS HOLDINGS, LLC | |
| Defendants. | |

Class and Collective Action

Civil Action No.:

### ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Brandon Pariscoff ("Plaintiff Pariscoff") and Shadren Pettid ("Plaintiff Pettid," and together with Plaintiff Pariscoff, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all persons similarly situated, hereby file this Original Class and Collective Action Complaint against Triple Canopy, Inc. ("Defendant Triple Canopy") and Constellis Holdings, LLC ("Defendant Constellis," and together with Defendant Triple Canopy, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.* ("CWA"), as implemented by the Colorado Overtime and Minimum Pay Standards Orders, C.C.R. 1103-1, *et seq.* ("COMPS").

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims arose within this District. Defendants conduct business in this District, and Plaintiffs were employed by Defendants in this District.

## PARTIES

3. Plaintiff Pariscoff is an adult individual currently residing in Grand Junction, Colorado. Plaintiff Pariscoff was employed as a protective security officer at Bureau of Land Management headquarters in Grand Junction, Colorado. Pursuant to 29 U.S.C. § 216(b), Plaintiff Pariscoff has consented in writing to being a plaintiff in this action.

4. Plaintiff Pettid is an adult individual currently residing in Wyoming. Plaintiff Pettid was employed as a security officer at various locations throughout Colorado. Pursuant to 29 U.S.C. § 216(b), Plaintiff Pettid has consented in writing to being a plaintiff in this action.

5. Defendant Triple Canopy is an Illinois corporation headquartered at 13530 Dulles Tech. Drive #500, Herndon, Virginia 20171.

6. Defendant Constellis is a Delaware limited liability company headquartered in Herndon, Virginia.

7. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8. Defendants' annual gross volume of business exceeds $500,000.

9. Defendants jointly comprise an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

10. Defendants perform related security services through a unified operation with common labor relations, personnel and facilities, for a common business purpose. Defendants are under common control and ownership.

## CLASS DEFINITIONS

11. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b)

as a collective action on behalf of themselves and the following collective of potential opt-in litigants:

> All current or former armed personnel employed by Defendant Triple Canopy and/or Defendant Constellis who performed work in Colorado during the last three years ("FLSA Collective").

12. Plaintiffs bring Count II of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former armed personnel employed by Defendant Triple Canopy and/or Defendant Constellis who performed work in Colorado during the last three years ("Colorado Class").

13. The FLSA Collective and Colorado Class are together referred to herein as the "Classes." Members of the Classes are collectively referred to herein as "Security Officers."

14. Plaintiffs reserve the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

15. Defendant Constellis is the owner and operator of several security and military contracting companies, including Defendant Triple Canopy:

> The Constellis family of companies has grown to include a global team of industry leaders including Triple Canopy, Olive Group and The Development Initiative, as well as legal companies Centerra, ACADEMI, AMK9, OMNIPLEX, Strategic Social and Edinburgh International.  Today, Constellis is the largest and most diverse non-financial risk management company in the United States, offering turn-key solutions to address our customers' most complex challenges wherever we are needed around the world.

*Available at*: http://www.constellis.com (last accessed 12/6/24).

16. Among other services, Defendants provide security services, including at governmental facilities:

> **Armed and Unarmed Physical Security Services for Government and Commercial Customers**

3

> Personnel, facilities, data, networks, equipment and other assets are vulnerable to a number of attacks. Constellis is a trusted and experienced provider of security services. Our integrated security solutions range from uniformed protective services to high threat protection for government, corporate and nongovernmental customers. We deliver quality-driven, professional services to safeguard personnel, infrastructure, and other valuable assets and investments.

*Available at*: https://www.constellis.com/what-we-do/security/physical-protective-services/ (last accessed 12/6/24) (emphasis added).

17. Defendants provide security services to federal government facilities throughout Colorado.

18. Since approximately February 2021, Plaintiff Pariscoff has been employed by Defendants as a security officer at the Bureau of Land Management in Grand Junction, Colorado.

19. Plaintiff Pariscoff is a non-exempt hourly employee, who is currently paid $30.87 per hour.

20. From approximately December 2012 through approximately April 2024, Plaintiff Pettid was employed by Defendants as a security officer at the various locations throughout Colorado, including the Environmental Protection Agency in Denver, Colorado, the Federal Emergency Management Agency in Denver, Colorado, and various other federal government facilities throughout Colorado where other Security Officers work for Defendants.

21. Plaintiff Pettid is a non-exempt hourly employee, who was paid approximately $30.32 per hour at the time she left employment with Defendants.

22. Defendants fail to pay overtime compensation to Plaintiffs and Security Officers in several different respects.

23. First, for approximately 10-20 minutes <u>prior to</u> clock-in time, Plaintiffs and Security Officers spend time performing uncompensated work, including donning their bullet-

4

proof vests, work boots, and gun belts with service weapons. Plaintiff Pettid and many Security Officers were also required to boot up x-ray machines, check out walkie-talkies, check out keys for rover vehicles, and perform additional work tasks off the clock and without compensation.

24. Additionally, for approximately 10-15 minutes <u>after</u> being required to clock out, Plaintiffs and Security Officers performed uncompensated work, including completing daily time sheets and removing the safety equipment and weapons mentioned above. Additionally, Plaintiffs and Security Officers are not compensated for the time spent (approximately 10-15 minutes) dealing with post tracking system malfunctions at the end of their shifts, which occurs approximately twice per week for Plaintiffs and Security Officers. Additionally, Plaintiff Pettid and many Security Officers were not compensated for their time spent shutting down x-ray machines and turning in walkie-talkies and keys.

25. In most weeks worked, Plaintiffs and Security Officers worked at least forty (40) hours, excluding the uncompensated pre- and post-shift working time described above. Thus, in a typical workweek, Plaintiffs and Security Officers would not be compensated for approximately two (2) or more hours of overtime each week as a result of the uncompensated pre- and post-shift work, in violation of the FLSA, CWA, and COMPS.

26. Each of the work tasks described above are not only mandatory for Security Officers, but are also integral to both Defendants' business and Security Officers' job of providing security services.

27. Second, Security Officers who are required by Defendants to travel long distances to provide security services at different locations throughout Colorado are not properly compensated overtime as required by the FLSA and COMPS because Defendants exclude travel time from Security Officers' overtime calculations and/or the travel time is not recorded and

compensated at all. For example, Plaintiff Pettid was required to travel to and from federal facilities served by Defendants in Denver, Grand Junction, Colorado Springs, La Junta, Alamosa and other locations throughout Colorado, for which she was not compensated at all and/or was not included in her overtime calculations.

28. Third, although classified as non-exempt, Defendants sometimes failed to pay Plaintiffs and Security Officers overtime compensation for hours worked over forty (40) in a workweek.

29. Fourth, Defendants excluded Plaintiff Pettid and many other Security Officers' shift differential pay and/or security clearance premium pay from their regular rate for purposes of calculating overtime compensation, thus resulting in an underpayment of overtime due under the FLSA and Colorado law.

30. Fifth, Defendants have engaged in a pattern and practice of not paying Plaintiffs and Security Officers for all their hours worked, resulting in additional overtime violations. For example, although Plaintiffs and Security Officers clock in and clock out on 3-4 separate digital clock-in/out systems, if Plaintiffs and Security Officers do not timely turn in their daily handwritten timesheets, their hours worked that day are not included in their bi-weekly paystubs and therefore not counted towards overtime (even though those hours are reflected in other time systems).

31. After Plaintiffs and Security Officers realize that their paychecks have been shorted, they are then forced to submit internal complaints to Defendants' human resources department regarding pay discrepancies in order to receive pay for all their hours worked. However, even when a Security Officer successfully challenges their hours and pay for a given pay period (which is not always the case), the pay is not made until weeks or months later, and

6

does not get included in overtime calculations, thus resulting in unpaid overtime compensation owed under the FLSA and COMPS.

32. Sixth, Defendant failed to pay Plaintiffs and Colorado Class Members an overtime premium of 1.5x their regular rate for hours worked over twelve (12) in a workday, in violation of Colorado law.

33. Each of the foregoing examples of uncompensated work time also constitutes violations of the CWA, as Plaintiffs and Colorado Class Members were not compensated all of their earned wages for their hours worked for Defendants.

34. Defendants have received many complaints (internal and external) regarding the alleged illegal overtime compensation and time-keeping practices described herein, including in the form of formal court complaints. Defendants were previously sued in 2021 for the same type of overtime violation related to uncompensated pre- and post-shift work. *See Butterfield v. Triple Canopy, Inc. et al.*, No. 2:21-cv-03610 (E.D. Pa.).

35. Defendants have willfully disregarded such complaints and the applicable wage requirements of the FLSA and Colorado law.

36. Defendants do not maintain accurate records of the actual hours that Plaintiffs and Security Officers worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5(a), 516.6(a)(1).

37. Defendants knew or should have known that Plaintiffs and Security Officers were not exempt from the FLSA's overtime requirements.

38. Defendants are sophisticated national and international businesses with access to knowledgeable human resource specialists and competent labor and employment counsel.

39. Defendants have acted willfully and with reckless disregard of clearly applicable

7

FLSA provisions by failing to pay Plaintiffs and Security Officers all overtime wages mandated by 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

41.     Plaintiffs desire to pursue their FLSA claims on behalf of themselves and any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

42.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as Security Officers pursuant to Defendants' previously described common pay practices (including Defendants' failure to pay Plaintiffs and Class Members for all hours worked) and, as a result of those practices, were not paid overtime wages for hours worked over forty (40) in a workweek as required by 29 U.S.C. § 207. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

43.     Specifically, Defendants failed to pay Plaintiffs and the FLSA Collective at 150% of their regular hourly rate for all hours worked in excess of 40 each workweek, as mandated by 29 U.S.C. § 207, by forcing Plaintiffs and the FLSA Collective to perform compensable work off the clock.

44.     The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' business and human resource records.

45.     Defendants employ many FLSA Collective Members. These similarly situated employees may be readily notified of this action through direct U.S. mail, email, SMS text

message, and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

46. Plaintiffs bring this action as class actions pursuant to FED. R. CIV. P. 23 on behalf of themselves and the Colorado Class defined above.

47. The members of the Colorado Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are well in excess of one hundred (100) members of each the Colorado Class.

48. Plaintiffs will fairly and adequately represent and protect the interests of the Colorado Class because there is no conflict between the claims of Plaintiffs and those of the Colorado Class, and Plaintiffs' claims are typical of the claims of the Colorado Class. Plaintiffs' counsel are competent and experienced in litigating wage and hour and other complex labor matters, including class and collective actions like this one.

49. There are questions of law and fact common to the proposed Colorado Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants have violated and continue to violate Colorado law through their policies or practices of not paying overtime wages for all hours worked over 40 in a workweek, as mandated by COMPS.

50. Plaintiffs' claims are typical of the claims of the Colorado Class in the following ways, without limitation: (a) Plaintiffs are members of the Colorado Class; (b) Plaintiffs claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Colorado Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as

those of the Colorado Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Colorado Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Colorado Class Members.

51.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Colorado Class predominate over any questions affecting only individual Class members.

52.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Colorado Class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Colorado Class would create the risk of inconsistent or varying adjudications with respect to individual Colorado Class members that would establish incompatible standards of conduct for Defendants.

53.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Colorado Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

54.     Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the Colorado Class. Plaintiffs envision no

difficulty in the management of this action as a class action.

## COUNT I
### Violations of the Fair Labor Standards Act
### (FLSA Collective)

55. All previous paragraphs are incorporated as though fully set forth herein.

56. The FLSA requires that covered employees be compensated by their employers for all hours worked, and at 150% of their regular hourly rate for all hours worked in excess of 40 in any workweek ("Overtime Rate"). 29 U.S.C. § 207(a)(1).

57. Defendants are subject to the wage requirements of the FLSA because they are each an "employer" under 29 U.S.C. § 203(d).

58. During all relevant times, Defendants were each engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. During all relevant times, Plaintiffs and the FLSA Collective were covered employees of Defendants, and as such were entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

60. Plaintiffs and the FLSA Collective are not exempt from the requirements of the FLSA. Plaintiffs and the FLSA Collective are entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

61. Defendants failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiffs and the FLSA Collective at Overtime Rate for all hours worked over forty (40) in a workweek.

62. Defendants knowingly failed to compensate Plaintiffs and the FLSA Collective at

Overtime Rate for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

63. Defendants also failed to make, keep, and preserve records with respect to Plaintiffs and the FLSA Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

64. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

65. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who fail to pay employees' wages in conformance with the FLSA shall be liable to the employees for unpaid wages, liquidated damages, court costs and attorneys' fees incurred.

**COUNT II**
**Violations of the Colorado Wage Claims Act**
**(Colorado Class)**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Plaintiffs bring their CWA overtime claim on behalf of themselves and the other Colorado Class Members pursuant to Fed. R. Civ. P. 23.

68. Defendants' conduct violates the CWA, as implanted by the COMPS Order. *See* C.R.S. §§ 8-4-101 *et seq*.; C.C.R. 1103-1.

69. At all relevant times, Defendant were subject to the CWA and the COMPS Order because Defendants were and are "employers" within the meaning of the CWA and COMPS. *See* C.R.S. § 8-4-101(6); C.C.R. 1103-1(1.6).

70. At all relevant times, Defendants employed Plaintiffs and the Colorado Class Members as its covered "employees" within the meaning of the CWA and COMPS. See C.R.S. §

12

8-4-101(5); C.C.R. 1103-1(1.5).

71. The CWA (as implanted by COMPS) requires employers such as Defendants to pay non-exempt employees, including Plaintiffs and the Colorado Class Members, overtime wages at rates not less than 1.5x their regular rates of pay for all hours worked over 12 hours in a workday and 40 in a workweek. *See* C.C.R. 1103-1(4.1.1).

72. Plaintiffs and the Colorado Class Members are entitled to overtime pay under the CWA.

73. Defendants violated, and are violating, the CWA (as implemented through COMPS) by failing to pay Plaintiffs and the Colorado Class Members overtime wages at rates of not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek and over 12 in a workday, including hours worked "off the clock." *See* C.C.R. 1103-1(4.1.1).

74. Defendants' unlawful conduct harmed Plaintiffs and the Colorado Class Members by depriving them of overtime wages they are owed.

75. Employers such as Defendants, who willfully fail to pay overtime wages due, shall be liable for the unpaid wages, treble damages in the amount of 3x the unpaid wages (or $3,000, whichever is greater), as well as reasonable attorneys' fees, costs and expenses. *See* C.R.S. § 8-109(3); C.C.R. 1103-1(8.1); C.R.S. § 8-4-109(3)(b)(II); C.R.S. § 8-4-110; C.C.R. 1103-1(8.1).

**COUNT III**
**Failure to Pay Earned Wages Under the CWA**
**(Colorado Class)**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Plaintiffs bring their CWA earned wages claims on behalf of themselves and the other Colorado Class Members pursuant to Fed. R. Civ. P. 23.

78. Defendants' conduct violates the CWA. *See* C.R.S. §§ 8-4-101, *et seq*.

79. At all relevant times, Defendants were subject to the CWA because Defendants were (and are) "employers" within the meaning of the CWA. *See* C.R.S. § 8-4-101(6).

80. At all relevant times, Defendants employed Plaintiffs and the Colorado Class Members as their covered "employees" within the meaning of the CWA. *See* C.R.S. § 8-4-101(5).

81. The CWA requires employers such as Defendants to pay employees, including Plaintiffs and the Colorado Class Members, all wages earned, due, and owing on their regular payday and following termination of their employment. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

82. Defendants violated, and are violating, the CWA by failing to pay Plaintiffs and the other Colorado Class Members all their wages earned for all the hours of work they performed for Defendants' benefit, including the uncompensated work they performed "off the clock" on their regular payday or following the termination of their employment. See C.R.S. §§ 8- 4-103(1)(a) and 8-4-109(1).

83. Defendants' unlawful conduct harmed Plaintiffs and other Colorado Class Members by depriving them of the earned wages they are owed.

84. Employers such as Defendants, who willfully fail to pay earned wages to their employees, shall be liable to the employees for their unpaid earned wages, treble damages in the amount of 3x the unpaid wages (or $3,000, whichever is greater), and the employees' reasonable attorneys' fees, costs and expenses incurred in the action to recover such unpaid wages. *See* C.R.S. § 8-4-109(3); C.R.S. § 8-4-109(3)(b)(II); C.R.S. § 8-4-110.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

c. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Colorado Class;

d. Unpaid earned wages, unpaid overtime wages, and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and penalties to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and,

g. Such other and further relief as this Court deems just and proper.

Dated: January 16, 2025

Respectfully Submitted,

**GOODLEY McCARTHY LLC**

by: /s/ Ryan P. McCarthy
Ryan P. McCarthy (PRID: 2675343)
James E. Goodley (PRID: 2675342)
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
ryan@gmlaborlaw.com

*Address for Plaintiff Brandon Pariscoff*
2695 Patterson Road Suite 2-126
Grand Junction, CO 81506

*Address for Plaintiff Shadren Pettid*
2243 Kalina Trail
Bar Nunn, WY 82601

MORGAN ROOKS, PC
Franklin J. Rooks, Jr., Esquire
PA Attorney ID: 309562
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone: (856) 874-8999
Email: fjrooks@morganrooks.com

*Attorneys for Plaintiff and the Classes*